UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DENISE HANDEL and ALEN VITAS, | Case No.  1:25-cv-00584-HBK |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[1] |
| v. | (Doc. 10) |
| JOSEPH B. EDLOW and KRISTI NOEM, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed August 11, 2025.  (Doc. 10).  Plaintiffs filed an Opposition and Defendants' filed a Reply.  (Docs. 11, 12).  The Court heard oral argument on December 19, 2025 and the matter was submitted on the record.  (Doc. 24).  For the reasons stated below, the Court grants Defendants' Motion.

BACKGROUND

Plaintiff Christine Denise Handel ("Handel") is a U.S. citizen residing in Bakersfield, California.  (Doc. 1, ¶ 12).  Plaintiff Alen Vitas ("Vitas') is a citizen of Croatia who currently resides in Zagreb, Croatia.  (*Id*., ¶ 13).  Handel and Vitas were married in November 2020.  (*Id*., ¶

---

[1] All parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. 17).

5). On January 8, 2021, Plaintiff Handel filed a Form I-130[2] visa petition with the United States Citizenship and Immigration Services ("USCIS") for her husband, Plaintiff Vitas. (*Id*., ¶ 20). The USCIS approved Plaintiff Vitas's Form I-130 visa petition on October 9, 2022. (*Id*., ¶ 21). After Vitas appeared for a consular interview at the U.S. embassy in Croatia on April 7, 2023, the consular officer found Vitas inadmissible under 8 U.S.C. § 1182(a)(9)(B) for his previous unlawful presence in the United States and refused Plaintiff Vitas's visa application. (*Id*., ¶ 24; Exhibit C). On August 8, 2023, Vitas filed a Form I-601 Application for Waiver of Grounds of Inadmissibility.[3] (*Id*., ¶ 25). Between August 2023 and September 2024, Plaintiffs sent multiple requests to UCSIS to expedite Vitas's I-601 waiver application. (*Id*., ¶ 27).

Plaintiffs Handel and Vitas filed a Petition for Writ of Mandamus and Complaint for Injunctive Relief to compel Defendants to act on Plaintiff Vitas's properly filed I-601 Application for Waiver on Grounds of Inadmissibility. (Doc. 1). Plaintiffs claim they are experiencing extreme hardship and Defendants have unreasonably delayed adjudication of Vitas's Form I-601 waiver application. Defendants move to dismiss the complaint under Rule 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state claim. (Doc. 10). In the alternative, Defendants claim that Plaintiffs cannot show an unreasonable delay under the TRAC factors.[4] (*Id*. at 23-23).

LEGAL STANDARD

If the court lacks jurisdictional authority to hear the subject-matter of the dispute, the case must be dismissed. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Defendants lodge a facial attack, arguing that the allegations in the complaint as insufficient on

---

[2] Petition for Alien Relative.

[3] According to the complaint, Vitas also filed an I-212 Application for Permission to Reapply for Admission to the United States After Deportation or Removal on August 8, 2023, which was approved. (Doc. 1 , ¶26). Defendants dispute that USCIS has approved Plaintiff Vitas's Form I-212, Application for Permission to Reapply for Admission to the United States after Deportation or Removal citing to the case status online at https://egov.uscis.gov/, by entering Plaintiff Vitas's application number, which shows the request for expedited review was denied. (Doc. No. 12 at 3, fn. 5). At the hearing, Vitas's counsel confirmed that his I-212  Application has not been approved.

[4] Where jurisdiction is found, courts utilize the six-factor test articulated in *Telecommunications Research & Action v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984) (known as the "TRAC" factors) to determine whether relief under the APA is warranted.

their face to invoke federal jurisdiction. If the court determines that it lacks jurisdiction, the court must dismiss the action. Fed. R. Civ. 12(h)(3). *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (jurisdiction cannot be waived or forfeited).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the court accepts as true the well-pleaded factual allegations and any reasonable inferences  drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.*

## ANALYSIS

Plaintiffs assert this court has jurisdiction under the Immigration and Nationality Act (INA), [5] the Declaratory Judgment Act (DJA),[6] the Administrative Procedures Act (APA),[7] and the Mandamus Act[8] to compel Defendants to adjudicate Vitas' waiver application. Defendants move to dismiss Plaintiff's complaint on three grounds: (1) the court lacks jurisdiction under the INA to review a "decision or action" by the USCIS regarding a waiver; (2) waiver applications are committed to the sole discretion of the USCIS, i.e. there is no non-discretionary duty; and, even if there was jurisdiction (not conceded) (3) Plaintiffs have not articulated sufficient facts to state a plausible claim for unreasonable delay.

The Court presumes that Congress generally does not intend to foreclose judicial review. But this presumption "may be overcome by specific language in a provision or evidence drawn from the statutory scheme as a whole." *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (cleaned

---

[5] 8 U.S.C. §1101, et seq.
[6] 28 U.S.C. § 2201
[7] 5 U.S.C. § 701 et seq.
[8] 28 U.S.C. §§ 1331 and 1361 et seq.

3

up).  Here, the relevant statutes include jurisdiction-stripping language.  In relevant part, 8 U.S.C. § 1252 expressly states that "no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).  "[T]his subsection" refers to §§ 1151-1382, and thus, include § 1182, which reads:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. *No court shall have jurisdiction to review a decision or action* by the Attorney General *regarding a waiver under this clause.*

8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added).

This Court's analysis is guided by principles of statutory interpretation.  The plain language of the statute is the starting point for its interpretation.  *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989).  Fundamentally, "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."  *Sandifer v. United States Steel Corp.*, 571 U.S. 200, 227 (2014) (citation omitted).  But often "the 'meaning – or ambiguity – of certain words or phrases may only become evident when placed in context.'"  *King v. Burwell*, 576 U.S. 473, 486 (2105).  Moreover, it is "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant."  *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotation marks omitted) (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)); *see also Corley v. United States*, 556 U.S. 303, 314 (2009).

Plaintiffs argues that § 1182(a)(9)(B)(v) does not preclude review by this Court because "no decision has been made." (Doc. 11 at 16).  Essentially, Plaintiff contends that the delay associated with adjudicating Vitas's Form I-601 waiver is not a "decision or action" prohibited by the statute.

The Court disagrees.  Although the Ninth Circuit has not directly addressed this issue, this

4

Court is persuaded by the Seventh Circuit's reasoning and decision in *Soni v Jaddou*, 103 F.4th 1271 (7th Cir. 2024), *reh'g denied*, No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024). There, the circuit court concluded that § 1182(a)(9)(B)(v), which bars review of "a decision or action by the Attorney General regarding a waiver," applied to USCIS' delay in processing Form I-601A applications. *Id* at 1272–73. The Seventh Circuit concluded that "Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers." *Id.* *Soni* made clear — "No review means no review; the statute does not need to list all of the many potential legal theories that are not reviewable." *Id*. at 1273. Numerous other district courts have similarly concluded that the statute bars review of unreasonable-delay claims like the one brought here. *Ortega v. Miller*, No. 2025 WL 3006746, at *2 (E.D. Wash. Oct. 27, 2025); *Singh v. USCIS*, 2023 WL 8359889 (M.D. Penn. Dec. 1, 2023); *Soni v. Jaddou*, ––– F.Supp.3d ––––, 2023 WL 8004292 (N.D. Ill. Nov. 17, 2023); *Ybarra v. Miller*, 2023 WL 7323365 (D. Neb. Nov. 7, 2023); *Reyes Silva v. Miller*, 2023 WL 7042347 (D. Neb. Oct. 26, 2023); *Beltran v. Miller*, 2023 WL 6958622 (D. Neb. Oct. 20, 2023); *Vijay v. Garland*, 2023 WL 6064326, at *2 (M.D. Fla. Sept. 18, 2023); *Echeverri v. USCIS*, 2023 WL 5350810, at *3–*4 (S.D. Fla. Aug. 21, 2023); *Mafundu v. Mayorkas*, 2023 WL 5036142, at *4–*5 (S.D. Fla. Aug. 8, 2023); *Mercado v. Miller*, 2023 WL 4406292, at *2–*3 (D. Nev. July 7, 2023).

This Court agrees that the text of § 1182 requires this conclusion. The statute strips the Court of jurisdiction to review "a decision or action ... regarding a waiver[.]" *Id.* Notably, the text of the statute does not stop at "decision" or "action." It goes further to bar review of such a decision and action "*regarding* a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). Recently, the Supreme Court found a similar provision in the INA bars judicial review and arrived at this conclusion in part because "the use of 'regarding' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subjects but also matters relating to that subject." *Patel*, 142 S. Ct. at 1622 (cleaned up); *See also Bouarfa v. Mayorkas*, 604 U.S. 6, 14 (2024) ("Context reinforces what the text makes plain."). The same reasoning applies here. Thus, the Court finds the jurisdiction-stripping

5

provision extends to broader matters relating to the process to grant or deny a waiver and bars this Court's review of the delay in adjudicating Vitas's Form I-601 waiver petition.

Plaintiffs' effort to find subject matter jurisdiction for his delay claim under the Mandamus Act, the APA, of the DJA, fares no better. The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an "extraordinary remedy." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988). It prohibits courts from compelling action unless the plaintiff "has a clear right to relief" and defendants has a "clear duty to act." *Piledrivers' Local Union No. 2375 v. Smith,* 695 F.2d 390, 392 (9th Cir.1982). Plaintiffs cite to 8 U.S.C. § 1571(b) to argue that 180-days is the time frame for review of the application. (Doc. No. 11 at 19). While Plaintiffs are correct that § 1571(b) provides "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application," the statute's use of "sense" and "should" signals precatory legislative intent but does not compel a compulsory duty. Black's Law Dictionary defines "should" as "no more than an obligation of propriety or expediency, or a moral obligation .... [I]t does not ordinarily express certainty as 'will' sometimes does." *Black's Law Dictionary* 1379 (6th ed.1990). Courts define "should" as a permissive not a mandatory term. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1196 (11th Cir. 2008); *United States v. Messino,* 382 F.3d 704, 711 (7th Cir. 2004); *Atla–Medine v. Crompton Corp.,* 2001 WL 1382592 (S.D.N.Y. 2001). Thus, Plaintiffs cannot show that Defendants have a nondiscretionary duty to adjudicate his Form I-601 waiver application within a specified time frame.

The APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Courts may "compel agency action unlawfully withheld or unreasonably delayed." *Id* § 706(1). However, "[t]he APA, [ ], does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established." *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 282 (9th Cir.1988). Further, the APA expressly provides that it does not apply where "statutes preclude

6

judicial review" or where "agency action is committed to agency discretion by law."  5 U.S.C. §§ 701(a)(1), (2).  *Supra*, because the Court finds that decisions regarding waiver applications are committed solely to the discretion of the Secretary, the Court finds Plaintiffs' delay review claim not subject to review under the APA.

Finally, the DJA does not provide an independent jurisdictional ground.  "[T]he operation of the Declaratory Judgment Act is procedural only.  Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."  *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72,  (1950).

Further, although one other circuit court found § 1182(a)(9)(B)(v) does not preclude jurisdiction, it nonetheless found jurisdiction lacking under the APA and Mandamus Act to review a delay claim.  *Lovo v. Miller*, 107 F.4th 199 (4th Cir. 2024) (finding jurisdiction not stripped given ordinary definition of "decision or action" does not include inaction or delay, but neither APA nor Mandamus Act  permitted review of delay claim because adjudication of the Form I-601 was committed to USCIS' discretion by law and USCIS has no clear duty to act); *see also Mashiach v. Mayorkas*, 2023 9787581, at *4 (S.D. Fl. Nov. 27, 2023) (finding court lacks jurisdiction under the Mandamus Act to compel USCIS to act); *Letona Garcia v. Edlow*, 2025 WL 3899825 (D. Md. Dec. 17, 2025); *Crus v. United States Citizenship & Immigr. Servs*., 2025 WL 840852, at *4-5 (D.N.H. Mar. 17, 2025). *But see Saavedra Estrada v. Mayorkas*, 2023 WL 8096897 (E.D. Penn. Nov. 21, 2023), *Lara-Esperanza v. Mayorkas*, 2023 WL 7003418 (D. Col. Oct. 24, 2023); *Granados v. United States*, 2023 WL 5831515, at *3–*5 (D. Col. Aug. 23, 2023); *Bamba v. Jaddou*, 2023 WL 5839593, at *4 (E.D. Va. Aug. 18, 2023).

Finding it lacks fundamental subject matter jurisdiction; the Court need not address the TRAC factors because dismissal is mandatory.  Fed. R. Civ. P. 12(h)(3).

Accordingly, it is hereby ORDERED:

1.    Defendants' Motion to Dismiss (Doc. 10) pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

2.    The Court dismisses the Complaint with prejudice for want of subject-matter jurisdiction.

7

3.     The Clerk is directed to terminate any deadlines, and close the case.


Dated:     January 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE